UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GREGORY BENNETTE SMALLWOOD, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 09-2024 (JEB) |
| UNITED STATES PAROLE COMMISSION, | ) ) ) | |
| Respondent. | ) ) | |

**MEMORANDUM OPINION**

Petitioner, who describes himself as a Moorish-American National, allegedly violated the conditions of a supervised release term that began on October 11, 2007, and a parole term that began on June 12, 2005.[1] *See* Pet., Ex. D (Warrants and Warrant Application dated March 5, 2009). The United States Parole Commission ("USPC") issued warrants for petitioner's arrest, and the warrants were executed on July 29, 2009. *See id.* On August 18, 2009, after a hearing, the USPC found probable cause to believe that petitioner committed the offenses as charged. *Id.*, Ex. E (D.C. Probable Case Hearing Digest). When petitioner filed this petition for a writ of habeas corpus in October 2009, he was detained at the D.C. Jail pending a revocation hearing that had been scheduled for November 30, 2009.[2] "For most purposes, supervised release is the

---

[1] Petitioner was charged with failure to maintain regular employment (Charge No. 1) and a law violation (Charge No. 2). Pet., Ex. D (Warrant Application dated March 5, 2009) at 1. He allegedly assaulted a 16-year-old girl on February 10, 2009, in Charles County, Maryland, and was charged with a fourth-degree sex offense, carrying a concealed deadly weapon, and resisting arrest. *Id.* at 1-2.

[2] No papers have been filed in this case since November 23, 2009, and the outcome of the

(continued . . .)

1

functional equivalent of parole and the law pertaining to the revocation of parole is applicable to the revocation of supervised release." *See id.*, Ex. F (Hearing Docket).

Petitioner alleges that "the supervised release statute, D.C. Code [§ 24-403.01], violat[es] the 'Separation of Powers Doctrine'" by giving the USPC "the same power as vested in the courts." Pet. at 2 (page number designated by the Court). Further, he asserts that enforcement of the statute "is causing a certain class and race of people to be affected and incarcerated at a great rate." *Id.* Among other relief, he demands that he "be discharged from his unconstitutional conviction" and released from custody. *Id.* at 3.

The USPC has full authority to grant, deny, and revoke parole, and to impose or modify conditions of parole. *See* D.C. Code § 24-131(a); *see also Franklin v. District of Columbia*, 163 F. 3d 625, 632 (D.C. Cir. 1998) (acknowledging that the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, §11231(a)(1), 111 Stat. 712, 745 (1997), transferred to the USPC "the jurisdiction and authority of the Board of Parole of the District of Columbia to grant and deny parole, and to impose conditions upon an order of parole, in the case of any imprisoned felon who is eligible for parole or reparole under the District of Columbia Code"). If a parolee allegedly has violated conditions of his release, the USPC is authorized to "[i]ssue a warrant for the apprehension and return of the offender to custody." 28 C.F.R. § 2.98(a)(2). Among the available sanctions for a parolee's violation of conditions of his release is his return to custody. *See* 28 C.F.R. § 2.20.

The USPC has similar authority with respect to terms of supervised release imposed by

---

revocation hearing is unknown. According to the Federal Bureau of Prisons Inmate Locator, petitioner is not currently in federal custody.

the Superior Court of the District of Columbia.[3]  *See* D.C. Code §§ 24-133(c)(2), 24-403.01(b)(6). If a person serving a term of supervised release "is alleged to have violated the conditions of his release," 28 C.F.R. § 2.211(a), the USPC may "[i]ssue a warrant for the apprehension and return of the releasee to custody," 28 C.F.R. § 2.211(a)(2).  If the USPC "finds by a preponderance of the evidence that the release has violated on or more conditions of supervised release, the [USPC] may . . . [r]evoke the term of supervised release," 28 C.F.R. § 2.218(a), and also may "impose[] a new term of imprisonment that is less than the applicable maximum term of imprisonment authorized by law," 28 C.F.R. § 2.218(b).

The USPC has no authority to impose a prison sentence upon conviction of a crime; this authority rests with the Superior Court of the District of Columbia.  *See* D.C. Code § 11-923(b) (granting jurisdiction to Superior Court over any criminal case under District of Columbia law). Proceedings pertaining to parole and supervised release are not part of a criminal prosecution. *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972).  Rather, such proceedings are separate administrative matters "at which the parolee does not possess the same rights as a criminal defendant at trial."  *Maddox v. Elzie,* 238 F.3d 437, 445 (D.C. Cir. 2001).  The USPC, therefore, exercises no judicial function, and its decisions do not violate the separation of powers doctrine. *Geraghty v. U.S. Parole Comm'n*, 719 F.2d 1199, 1211-12 (3d Cir.1983); *Artez v. Mulcrone*, 673 F.2d 1169, 1170 (10th Cir. 1982); *Page v. U.S. Parole Comm'n*, 651 F.2d 1083, 1085 (5th Cir. 1981); *Moore v. U.S. Parole Comm'n*, No. 10-1987, 2011 WL 550003, at *1 (D.D.C. Feb. 10,

---

[3]  Supervised release is considered the functional equivalent of parole.  *See Anderson v. U.S. Parole Comm'n*, No. 10-1451, 2010 WL 5185832, at *2 (D.D.C. Dec. 22, 2010) ("For most purposes, supervised release is the functional equivalent of parole and the law pertaining to the revocation of parole is applicable to the revocation of supervised release.") (citations omitted); *see also Jones v. United States*, 669 A.2d 724, 727 (D.C. 1995) ("A supervised release revocation hearing is the functional equivalent of a probation or parole revocation hearing.").

2011); *Montgomery v. U.S. Parole Comm'n*, No. 06-2113, 1007 WL 1232190, at *2 (D.D.C. Apr. 26, 2007).

With respect to his equal protection claim, petitioner offers only the bald assertion that the USPC's actions disadvantage Moorish-Americans. Wholly lacking from the petition is any evidence that Moorish-Americans are in fact disadvantaged in any way by the USPC's decisions. In sum, petitioner has offered no "factual content that allows the court to draw the reasonable inference that the [respondent] is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), and, therefore, petitioner's equal protection claim must be dismissed. *See Hunter v. U.S. Parole Comm'n*, 308 Fed. App'x 856, 859 (5th Cir. 2009) (rejecting a claim that USPC violated the Equal Protection Clause absent a showing that the USPC "purposefully discriminated against [petitioner] and that he was treated differently from similarly-situated" D.C. Code offenders) (quoting *Longoria v. Dretke*, 507 F.3d 898, 904 (5th Cir. 2007)) (internal quotations omitted); *King v. U.S. Parole Comm'n*, No. 02-5207, 2002 WL 31520756, at *1 (D.C. Cir. Nov. 13, 2002) (per curiam) ("With respect to his equal protection claim, appellant has not demonstrated that he is a member of a suspect class deserving heightened scrutiny, and the [USPC] has a legitimate reason for using degree of violence as a factor in its parole decisions.").

Accordingly, the Court will deny the petition and dismiss this civil action. An Order is issued separately.

DATE: April 15, 2011

/s/
JAMES E. BOASBERG
United States District Judge